WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samsung Medison America Incorporated, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AmeriaMed East LLC, an Arizona limited liability company; RDL Medical Incorporated, an Arizona corporation,<br><br>Defendants,<br><br>v.<br><br>Bank of America, NA,<br><br>Garnishee. | No. CV-13-00912-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendant AmeriaMed East LLC and RDL Medical Inc.'s Motion to Set Aside Default Judgment (Doc. 27). For the reasons set forth below, the motion is granted and the default judgment is set aside.

The three factors that a district court should consider in deciding whether to vacate entry of default judgment are: (1) whether movant engaged in culpable conduct that lead to its default; (2) whether movant had meritorious defense; and (3) whether reopening the default judgment would prejudice any other party. *Franchise Holding II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925, 926 (9th Cir. 2004).

A.  **Culpable Conduct**

The first question is whether the Defendants engaged in culpable conduct that lead

1 to the default.  The principle of both Defendants is Raymond J. Liano.  Mr. Liano 2 received on May 11 or 12th from his statutory agent a copy of the summons and 3 complaint as filed by Plaintiff in the case.  On the following day, Mr. Liano called Mike 4 Podany, the vice president of sales for Samsung.  During the phone call, Mr. Liano 5 contested the amount claimed by the Plaintiff in the litigation and Mr. Liano avers in an 6 affidavit that Mr. Podany informed him that he was unaware of the litigation and assured 7 Mr. Liano that AME and RDL were in "good standing" with Plaintiff and that Mr. 8 Podany was "on it" and would "handle it."  Mr. Liano avows that Mr. Podany advised 9 him not to "sweat the litigation."  Therefore, Mr. Liano avows that he did not hire 10 counsel to either file an answer to the complaint or to respond to the application for entry 11 of default as thereafter filed by the Plaintiff.  Samsung does not deny that Mr. Liano had 12 a conversation with Mr. Podany, nor does it assert that Mr. Podany said anything 13 different than that asserted by Mr. Liano.  But, Samsung asserts that Podany had no 14 authority to make such representations.  Nevertheless, it does not assert how Mr. Liano is 15 supposed to be aware of the scope of Mr. Podany's authority.

16 Samsung avows that even assuming Mr. Liano had such a conversation with Mr. 17 Podany after he was served with the original complaint, on May 22, Samsung filed its 18 first Amended Complaint and served the first Amended Complaint upon the Defendants' 19 statutory agent that same day.  Thus, Mr. Liano would have been aware that Samsung 20 was nevertheless, proceeding with the claim.  After no answer was filed to the first 21 Amended Complaint, the Clerk of Court entered default against Defendants.  Further, Mr. 22 Liano avows that he never received a copy of the application for entry of default filed by 23 Samsung in the litigation.  As *Franchise Holding* demonstrates, Mr. Liano remains at 24 least somewhat culpable for the entry of default.  Even assuming that he and Mr. Podany 25 entered into a side agreement that the litigation would be taken care of, "if a defendant 26 'has received actual or constructive notice of the filing of the action and failed to answer,' 27 its conduct is culpable." *Id. (quoting Direct Mail Specialists, Inc. v. Eclat Computerized* 28 *Techs., Inc.,* 840 F.2d 685, 690 (9th Cir 1988).  Nevertheless, the Court finds Mr. Liano's

conduct somewhat explicable in light of his conversation with Mr. Podany.

### B. Meritorious Defenses

In his affidavit, Mr. Liano has appropriately set forth assertions of a meritorious defense when he says that the judgment is for joint and several liability against the two Defendants. Defendants allege that the judgment amount is merely the addition of separate and individual amounts that the Plaintiff alleges it is due by separate Defendants. They allege that there is no basis to impose joint and several liability for those debts. Whether or not ultimately meritorious Defendants do assert a potentially meritorious defense to the judgment. *See TCI Group Life Ins. Plan .v Knoebber,* 244 F.3d 691 (9th Cir. 2001).

### C. Prejudice to Plaintiff

Samsung has not sufficiently set forth any notable prejudice with specificity. Accordingly, the district court concludes that in the exercise of its discretion the default judgment is set aside. In this case, Samsung does not deny that the conversations between Mr. Liano and Mr. Podany existed. While it certainly would have been the wiser course for Mr. Liano to file an answer, the Court notes that Samsung does not deny that the conversations between Mr. Podany and Mr. Liano existed. In light of the fact therefore, that the delay was not long, any significant prejudice is difficult for Samsung to show, and that there is no sufficient evidence that the movant acted in bad faith, the Court exercises its discretion to set aside the default judgment in this case.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Set Aside Default Judgment is granted (Doc. 27).
2. The Application for Judgment against Garnishee Holding Funds (Doc. 23) and the Motion to Strike Plaintiff's Response to Defendant's Motion to Set Aside Default Judgment (Doc 34) are denied as moot.

/ / /

/ / /

/ / /

3. The Clerk of Court is directed to reopen this matter.

4. Defendants are directed to file an answer and/or responsive pleading to the operative Amended Complaint (Doc. 14) **within fourteen (14) days** of the date of this Order.

Dated this 14th day of August, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge