WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samsung Medison America Incorporated, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AmeriaMed East LLC, an Arizona limited liability company; RDL Medical Incorporated, an Arizona corporation,<br><br>Defendants,<br><br>v.<br><br>Bank of America, NA,<br><br>Garnishee. | No. CV-13-00912-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant AmeriaMed East, LLC's ("AME") Motion to Dismiss (Doc. 42) and Defendant RDL Medical Inc.'s ("RDL") Motion for More Definite Statement (Doc. 43). For the following reasons, both AME's Motion to Dismiss (Doc. 42) and RDL's Motion for More Definite Statement (Doc. 43) are **denied**.

## BACKGROUND

Plaintiff Samsung Medison America, Inc. ("Samsung") filed suit against Defendants for the principal sum of $404,134.72, owed to them "[a]s a result of open account purchases." (First Amended Complaint, Doc. 14 at 2.) Default judgment was entered against Defendants by the Clerk of the Court (Doc 19), but later set aside (Doc

39).  After the order from the Court setting aside the default judgment Defendants filed the two motions at issue here.

## AME'S MOTION TO DISMISS

### A.  Legal Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' '[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The amount of factual matter required is that which, accepted as true, is sufficient to "state a claim to relief that is plausible on its face." (*Id.*)  In ruling on a motion to dismiss, a court must take all material allegations in the complaint as true and construe all facts in the light most favorable to the plaintiff.  *NL Industries v. Kaplan*, 792 F.3d 896, 898 (9th Cir. 1986).

### B.  Analysis

Defendant AME argues that the amount in question in this case is "due as a result of the sale by Samsung to Liano in December 2011 of eight (8) XG ultrasound machines." (Doc 42 at 3.)  AME attaches two purchase orders (4 XG machines listed on each) from RDL to Samsung on December 22, 2011.  (Doc. 42, Ex. A.)  AME argues that because the orders at issue were from RDL, not AME, that AME should be dismissed from the case.  (Doc. 42 at 3-4.)  AME argues that since both AME and RDL are separate legal entities, AME should not be required to answer for the debts and obligations of RDL.

However, these are factual arguments that may be suited for a motion for summary judgment but not a motion to dismiss.  On a motion to dismiss the Court only considers the factual assertions in the complaint.  Those assertions are that both AME and RDL owe Samsung a certain amount of money on an open account.  These facts, accepted as true, pass the test of being plausible.  The Court does not consider factual arguments about the truth of those assertions at this stage in the litigation.  The motion must is, therefore, denied.

## RDL'S MOTION FOR A MORE DEFINITE STATEMENT

### A. Legal Standard

At the pleading stage, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief [and] a demand for the relief sought." Fed. R. Civ. P. 8(b). Additionally, however, under Fed. R. Civ. P. 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Nevertheless Rule 12(e) motions are not to be used as substitutes for discovery. See, e.g., *Usery v. Local 886, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.*, 72 F.R.D. 581, 582 (W.D. Okla. 1976); *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002).

### B. Analysis

Plaintiff's First Amended Complaint (Doc. 14) clearly lays out the basis for the claim against Defendants, namely an unpaid balance on an open account. Though Plaintiff's Complaint itself does not give the particular transactions which led to the amount claimed, this is not required at the pleading stage. *See Rentos,* 1996 WL 737215 *supra*. Plaintiff's complaint is intelligible and the relief requested in consistent with the claim alleged. Further, details about the transactions that underlie Plaintiff's claim, if they are unknown to Defendants, are appropriate topics for discovery.

Defendant cites authority which states that "a merely general description of the transactions between the parties is insufficient for a plaintiff to recover an amount owing on an open account; there must be some decent into detail." *Wells Fargo Bank v. Allen*, 231 Ariz. 209, 292 P.3d 195 (Ariz. Ct. App. 2012). However, this language cited is solely about what is required for *to recover* under an open account, not about what is required at the *pleading* stage in order to state a claim.

For the reasons stated, Defendant RDL's motion for a more definite statement is denied.

**CONCLUSION**

For the reasons stated above both of Defendants' motions lack legal merit.

**IT IS THEREFORE ORDERED** that Defendant AME's Motion to Dismiss (Doc. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant RDL's Motion for a More Definite Statement (Doc. 43) is **DENIED**.

Dated this 10th day of January, 2014.

/s/ A. Murray Snow
_____
G. Murray Snow
United States District Judge